# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                                                        No. 4:20-CR-333-DPM

BRYANT CUNNINGHAM

## REPORT AND RECOMMENDATION

**I.   Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.  Findings of Fact**

Defendant Bryant Cunningham appeared with his lawyer, Degen Clow, on November 2, 2022, to enter a plea of guilty to the offense of Possession of a Stolen Firearm, in violation of Title 18 U.S.C. Section 922(j), as charged in the

superseding information.[1] Mr. Cunningham consented to having a magistrate judge preside over the change-of-plea hearing upon the recommendation of his lawyer.[2] Assistant United States Attorney Benecia Moore, appearing on behalf of the government, also consented.

At the hearing, Mr. Cunningham acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charges against him in the indictment and the superseding information, the sentencing guidelines, the possible penalties at stake, and the terms of the parties' plea agreement. Mr. Cunningham affirmed his satisfaction with Mr. Clow's representation and work on this case.

Before entering his guilty plea, Mr. Cunningham acknowledged the possible criminal penalties that will result from pleading guilty, specifically: a prison sentence of not more than 10 years; a fine of not more than $250,000; a term of supervised release not to exceed 3 years; and a special penalty assessment of $100. Mr. Cunningham acknowledged that the sentence to be imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' plea agreement.

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 46*.

[2] *Doc. 51*

2

The plea agreement in this case includes a recommended and agreed prison sentence of 120 months, which is the statutory maximum for the offense of possessing a stolen firearm; that is, the charge in the superseding information. Mr. Cunningham's agreement to the statutory maximum sentence is understandable, however, in light of his criminal history and the risk of an even harsher sentence (15 years to life in prison) if he were convicted of the charge in the indictment and sentenced as an armed career offender. Mr. Cunningham agreed to the terms of the agreement after consulting with Mr. Clow, who concurred in Mr. Cunningham's decision. Given all of the circumstances, the terms of the agreement appear reasonable.

At the hearing, Mr. Cunningham expressed his understanding that, by pleading guilty to the superseding information, he is giving up many of his constitutional and other federally protected rights, including: the right to be indicted; the right to a minimum of 30 days to prepare for trial; the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him; and the right to appeal or attack his conviction and sentence, in most circumstances.

Mr. Cunningham confirmed that he is pleading guilty to the crime of Possession of a Stolen Firearm because he is actually guilty of that crime. Specifically, he admitted that, in October of 2019, in the Eastern District of

Arkansas, he knowingly possessed a firearm that he knew, and had good reason to believe, was stolen because the seller of the gun told him it was stolen. The parties agreed that the firearm Mr. Cunningham possessed was transported across state lines and, therefore, affected interstate commerce.

Mr. Clow concurred with Mr. Cunningham's decision to plead guilty to Possession of a Stolen Firearm. Mr. Clow stated that, in his opinion, Mr. Cunningham is fully competent to enter a guilty plea and that Mr. Cunningham's decision to plead guilty is made with full knowledge of the consequences.

Considering Mr. Cunningham's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Cunningham's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession of a Stolen Firearm.

### III.   Recommendations

Based on the record in this case and all surrounding circumstances, I recommend that Chief Judge Marshall accept Bryant Cunningham's plea of guilty to the crime of Possession of a Stolen Firearm, in violation of Title 18 U.S.C. Section 922(j), and adjudge Defendant Cunningham guilty of that offense. I further recommend that Chief Judge approve the parties' plea agreement as a reasonable resolution to this case.

DATED this 3rd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE